**Robert L. SCHULZ, Plaintiff–Appellant,**

v.

**UNITED STATES FEDERAL RESERVE SYSTEM, Ben S. Bernanke, Chairman of the United States Federal Reserve System, United States Department of the Treasury, Timothy F. Geithner,\* Secretary of the United States Department of the Treasury, United States,\*\* Defendants–Appellees.**

Nos. 08–4810–cv (L), 09–1229–cv (CON).

United States Court of Appeals, Second Circuit.

March 23, 2010.

Robert L. Schulz, pro se, Queensbury, NY, for Appellant.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Treasury Timothy F. Geithner is automatically substituted for former Secretary of the Treasury Henry M. Paulson, Jr., as a defendant in this case.

\*\* We direct the Clerk of the Court to amend the official caption as noted.

Paula Ryan Cohen, Assistant United States Attorney, for Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, NY, for Appellees.

PRESENT: ROBERT D. SACK, RICHARD C. WESLEY, Circuit Judges, RICHARD K. EATON, Judge.***

**SUMMARY ORDER**

Appellant appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*), which denied injunctive relief and dismissed his complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's grant of a motion to dismiss for lack of standing *de novo. Fulton v. Goord,* 591 F.3d 37, 41 (2d Cir.2009). With the minor exception of some First Amendment claims not at issue here, a person's status as an American citizen or taxpayer is insufficient to confer on him or her standing to bring a lawsuit seeking to hold a government action or a statute unconstitutional in the absence of an articulable injury-in-fact that is distinct from the injury suffered by all such citizens or taxpayers. *See, e.g., Hein v. Freedom From Religion Found., Inc.,* 551 U.S. 587, 593, 127 S.Ct. 2553, 168 L.Ed.2d 424 (2007) ("[T]he payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government."); *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 226–27, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974) (finding a person's interest as a citizen "too abstract to constitute a 'case or controversy' appropriate for judicial resolution"). The district court was correct that

Appellant does not have standing, and thus federal courts have no jurisdiction over his claims. *See DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 344–45, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**